IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY AYLOR, | § | |
| TDCJ-CID NO.1367579, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-1802 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Billy Aylor, a state inmate incarcerated in the Estelle Unit's High Security Unit, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging disciplinary proceeding number 20100097618.[1] After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

BACKGROUND AND CLAIMS

Petitioner reports that he was found guilty of a disciplinary infraction for attempted escape from the custody of TDCJ. (Docket Entry No.1). He was punished with line class reduction, commissary and cell restrictions, and loss of 365 days of good time credit. (*Id*.). His administrative appeals were denied. (*Id*.). Petitioner challenges the disciplinary conviction on due process and sufficiency grounds. (Docket Entries No.1, No.2).

ANALYSIS

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d

---

1 Petitioner is serving a thirteen-year sentence for a 2003 conviction for indecency with a child in Archer County, Texas, and a two-year sentence for failure to comply with registration requirements in Wichita County, Texas. *See* the following TDCJ-CID Website: http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=0718990.

765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* Moreover, a reduction in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits and be eligible for mandatory supervised release. *Id.* Petitioner indicates that he is not eligible for mandatory supervised release. (Docket Entry No.1). Therefore, he has no constitutionally protected interest in such release. Accordingly, no cognizable federal habeas claim is raised in this petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 26th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE